# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| UPL NA INC., | CASE NO. 8:19-cv-1201-RSWL-KS |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| TIDE INTERNATIONAL (USA), INC., ZHEJIANG TIDE CROPSCIENCE CO., LTD., NINGBO TIDE IMP. & EXP. CO., LTD., | |
| Defendants. | |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ............................................................................... 1

    A.   Purpose ............................................................................... 1

    B.   Good Cause Statement ....................................................... 2

II.   DEFINITIONS ................................................................................. 3

    A.   Designated Material .......................................................... 3

        1.   Confidential Information and Highly Confidential
            Information - Attorneys' Eyes Only ............................... 3

    B.   Discovery Material ............................................................ 3

    C.   Documents ......................................................................... 4

    D.   Party ................................................................................... 4

    E.   Non-Party .......................................................................... 4

    F.   Producing Party ................................................................. 4

    G.   Designating Party .............................................................. 4

    H.   Receiving Party ................................................................. 5

    I.   Challenging Party .............................................................. 5

III.   RESTRICTION ON DISCLOSURE AND USE OF DESIGNATED
     MATERIAL ..................................................................................... 5

    A.   Scope ................................................................................. 5

    B.   Purpose .............................................................................. 5

    C.   Confidentiality ................................................................... 6

    D.   Maintenance of Designated Material ................................ 6

    E.   Restrictions on Designated Materials ............................... 6

    F.   Discovery from Third Parties ........................................... 6

    G.   Unintentional Disclosure of Designated Material............. 7

IV.   PROCEDURE FOR MARKING DESIGNATED MATERIAL ........................ 7

V.   CONTESTING THE DESIGNATION ................................................. 10

VI.   DISCLOSURE OF DESIGNATED MATERIALS ................................ 11

VII.   CONDITIONS ON ACCESS TO DESIGNATED MATERIAL ..................... 15

    A.   Consultants and Experts ................................................. 15

B.     Designated Employee and In-House Attorney ........................ 16

VIII.  COURT PROCEDURES............................................................. 17

     A.     Procedures for Filing Papers with Designated Material ........................ 17

     B.     Redacted Filings of Papers with Designated Material............................ 17

     C.     Use at Trial ............................................................................................ 18

IX.    PROCEDURE FOR DISCLOSURES TO OTHER PERSONS ...................... 18

X.     UNINTENTIONAL FAILURE TO DESIGNATE............................................ 18

XI.    UNINTENTIONAL DISCLOSURE OF ATTORNEY-CLIENT OR WORK PRODUCT MATERIAL ............................................................... 19

XII.   RESERVATION OF RIGHTS AND MISCELLANEOUS PROVISIONS...... 21

     A.     Redactions ............................................................................................ 21

     B.     No Limitation of Other Rights .............................................................. 22

     C.     Release from or Modification of This Order ......................................... 22

     D.     Admissibility ........................................................................................ 22

     E.     Non-Party Request/Subpoena of Designated Material .......................... 23

     F.     Counsel's Right to Provide Advice......................................................... 23

     G.     Privileged and Irrelevant Materials....................................................... 24

     H.     Notice .................................................................................................... 24

XIII.  EFFECTIVE DATE .................................................................................... 24

XIV.  FINAL DISPOSITION................................................................................ 24

XV.   TERMINATION ......................................................................................... 25

**Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order ("Stipulation") filed on October 22, 2019, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's deletion of paragraph XIII and amendment of paragraphs IV.C, D, V.D, VI.A.1, 3, 4, VIII.A, B, C, and XII.A and XII.E of the Stipulation.**

## AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

## I.    INTRODUCTION

### A.    *Purpose*

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The purpose of this Protective Order ("Order")  is to allow UPL NA and Defendants (collectively, the "Parties") to have reasonable access to certain information related to this Lawsuit, while providing the Parties and any third-parties with a means for limiting disclosure of confidential information that is produced in this Lawsuit. The Parties expressly recognize and agree that this Order is solely limited to this Lawsuit and shall not govern any other pending or future litigation between the Parties. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or

---

[1]    The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth below in Section IX.A, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### B. Good Cause Statement

This action is likely to involve trade secrets, valuable research, development, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protection order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of the case.

## II.    DEFINITIONS

### A.    *Designated Material*

The term "Designated Material" shall mean any Discovery Material designated by a Producing Party as either "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY" in accordance with Paragraphs IV.A to IV.D below. All Designated Material and any information or material copied or derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversations which reveal that information, shall be treated as and hereinafter referred to as Designated Material.

### 1.    Confidential Information and Highly Confidential Information - Attorneys' Eyes Only

1.    "CONFIDENTIAL INFORMATION" comprises or contains information that the Producing Party claims in good faith to constitute or relate to sensitive business, financial, or commercial information that is not publicly available and provides a commercial advantage to its possessor and the disclosure of which to persons other than those set forth in Section VI.A. below would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.    "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY" comprises or contains information that the Producing Party claims in good faith is highly confidential or sensitive, including, but not limited to, trade secrets, technical information, pricing and revenue information and other sensitive financial data.

### B.    *Discovery Material*

The term "Discovery Material" shall mean any document (as defined below), material, item, testimony, or thing filed with or presented to the Court or produced, served, exchanged, or generated during the discovery process, including, for example, exhibits; answers to interrogatories; responses to requests for admissions; responses to requests for production; subpoenas; declarations; affidavits; letters; emails; and

deposition testimony or transcripts; and all copies, extracts, summaries, compilations, designations, and portions thereof.

### C. Documents

The term "Document" shall mean every means of recording any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic, or photographic means, magnetic impulse, tape, computer disk, CD-ROM or any other form of data storage, data compilation, or mechanical or electronic recording, and all other tangible things which come within the meaning of writing contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "documents" or "tangible things" contained in Rule 34 of the Federal Rules of Civil Procedure.

### D. Party

The term "Party" shall refer to any party to this Action, including all of its officers, directors, employees, consultants and retained experts.

### E. Non-Party

The term "Non-Party" shall refer to any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

### F. Producing Party

The term "Producing Party" shall mean any Party to this action or any third-party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material during discovery for this action.

### G. Designating Party

The term "Designating Party" shall mean any Party or any third-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY."

### H.    *Receiving Party*

The term "Receiving Party" shall mean any Party to this action, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material.

### I.    *Challenging Party*

The term "Challenging Party" shall mean any Party or Non-Party that challenges the designation of information or items under this Order.

## III.    RESTRICTION ON DISCLOSURE AND USE OF DESIGNATED MATERIAL

### A.    *Scope*

This Order shall encompass all Discovery Material produced in this Lawsuit except that this Order shall not encompass information that (a) is in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission to the Receiving Party, (b) lawfully comes into the possession of the Receiving Party by means other than by production by Producing Party, or (c) lawfully comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that such information does not become publicly known by any act or omission of the Receiving Party that would be in violation of this Order. Notwithstanding the foregoing, if the Receiving Party is in possession of or otherwise knows about documents and/or information and such documents and/or information are subject to a prior Nondisclosure Agreement, then the Producing Party may still apply the protections of this Protective Order as appropriately defined herein.

### B.    *Purpose*

Designated Materials shall be used solely for purposes of and in connection with this Lawsuit and the information contained therein shall not be used or disclosed for any other purpose, including, without limitation, any business or commercial purpose.

### C.    *Confidentiality*

Designated Material and the information derived from such Designated Material (excluding information which is derived lawfully from an independent source) shall not be given, shown, made available, discussed, or otherwise communicated or disclosed in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order.

### D.    *Maintenance of Designated Material*

Designated Material shall be maintained by the Receiving Party at a location and under circumstances reasonably designed to ensure compliance with this Order. The Receiving Party shall protect the confidentiality of Designated Material using procedures that are no less stringent than the measures used to protect the Receiving Parties' own Designated Material or similar confidential material.

### E.    *Restrictions on Designated Materials*

The restrictions on the use of Designated Material established by this Order are applicable to the Receiving Party. A Producing Party is free to do whatever it desires with its own Designated Material.

### F.    *Discovery from Third Parties*

Information sought or obtained from a person not a Party to this action ("third party") shall be treated as Designated Material if requested by the third party. Any such information designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY" pursuant to Paragraphs IV.A to IV.D by a third-party will be accorded the same protection as the Parties' Designated Material, and will be subject to the same procedures as those governing disclosure of the Parties' Designated Material pursuant to this Order. Either Party may seek to challenge designations by a third party under the provisions of Paragraph V.B after providing at least ten (10) business days written notice to all Parties and the third party and agreeing that it will not object to the third party

appearing in this action for the limited purpose of seeking to preserve its requested designation.

Further, if a Party to this action wants to request that the information to be produced by a third party should be subject to the terms of this Protective Order, then such Party shall send notice with the factual and legal bases for its request to all Parties and to the third party within three (3) business days of the Party's receipt of the notice of subpoena. The notice shall indicate that the information to be produced is to be designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY" pursuant to Paragraphs IV.A to IV.D. Any other Party may seek to challenge aforementioned designations under the provisions of Paragraph V.B after providing at least ten (10) business days written notice to all Parties and the third party and agreeing that it will not object to the third party appearing in this action for the limited purpose of seeking to preserve its requested designation (if necessary).

### G. *Unintentional Disclosure of Designated Material*

If Designated Material, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or Party not authorized to receive such Designated Material under this Protective Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Designated Material, and to bind such person to the terms of this Order. In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Producing Party; and (c) request that such person execute the Confidentiality Undertaking in Exhibit A.

## IV.    PROCEDURE FOR MARKING DESIGNATED MATERIAL

Any Producing Party may mark Designated Material as either "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY" in accordance with this Order. The burden of establishing that Designated Material is either "CONFIDENTIAL

INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY" as defined herein shall be on the Producing Party. The designation of Designated Material as either "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY" shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation. Designated material must be marked in the following manner:

A. In the case of documents or any other tangible thing produced, designation shall be made by placing the legend "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY" on each page of the document or on the cover or in a prominent place on any other tangible thing prior to production of the document or tangible thing along with a designation, e.g., bates number prefix, of the identity of the Producing Party;

B. In producing original files and records for inspection, no marking need be made by the Producing Party in advance of the inspection. For the purposes of the inspection, all documents produced shall be considered as marked "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY." Thereafter, upon selection of specified documents for copying by the Receiving Party, the Producing Party shall mark as either "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY," as applicable, the copies of such documents as may contain either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY, as defined in Paragraphs II.B.1 and II.B.2 at the time the copies are produced to the Receiving Party. There will be no waiver of confidentiality by the inspection of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY information before it is copied and marked pursuant to this Order; and

C.      In the case of testimony provided during a deposition ~~or hearing~~, transcripts or portions thereof shall be designated by the Producing Party either (i) on the record during the deposition ~~or hearing~~, in which case the pages of the transcript containing Designated Material shall be marked "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY," as applicable, by the reporter, as the Producing Party may direct; or (ii) by captioned, written notice to the reporter and all counsel of record, given within ten (10) business days after the reporter sends written notice to the witness or the witness's counsel that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Producing Party or witness. Pending expiration of the ten (10) business day period or the receipt of such written notice from the Producing Party (whichever comes first), all Parties and, if applicable, any third-party witnesses or attorneys, shall treat the deposition transcript and the information contained therein as if it had been designated HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY. If no such written notice is provided within the five (5) business day period, the designation(s) made during the deposition shall stand. If such written notice is provided, the designation(s) provided in such notice shall be effective upon receipt by the Receiving Party. No person shall attend the designated portions of such depositions unless such person is an authorized recipient of Designated Material under the terms of this Order.

D.      In the event that a deposition ~~or hearing~~ is attended only by persons authorized to receive Designated Material, counsel may, for purposes of efficiency, state on the record that the entire transcript for that day is to be treated as Designated Material until such time as there is a written request to specifically identify the portions of the transcript that are CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY. In the event of

such request, the Party desiring to maintain the treatment of any portion of the transcript as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY shall specify, by page and line numbers, the designated portions within ten (10) business days of the written request. Once the Party specifies the portions that shall remain CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY, the Party seeking to disclose any non-designated material shall prepare a redacted copy of the transcript and shall provide the redacted copy to the Party maintaining designations for approval prior to sharing the non-designated material.

## V.  CONTESTING THE DESIGNATION

A.     No Party to this action shall be obligated to challenge the propriety of any designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designation.

B.     Any Party may contest a claim of confidentiality at any time that is consistent with the Court's Scheduling Order.

C.     The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq.*

D.     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.  **Before filing any motion challenging a claim of confidentiality, the Challenging Party must refer to the Court's Schedules and Procedures, available at**

**http://www.cacd.uscourts.gov/judges-schedules-procedures, and comply with any pre-motion procedure specified by the judge.**

**VI.    DISCLOSURE OF DESIGNATED MATERIALS**

A.    Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as CONFIDENTIAL INFORMATION under this Order may be disclosed by the Receiving Party only to the following persons:

1.    counsel of record for the Receiving Party, **as well as employees of said counsel of record to whom it is reasonably necessary to disclose the information this Action** ~~including support staff (law clerks, paralegals, secretaries, and clerical staff) assisting with this action~~;

2.    one business and/or technical person employed and designated by the Receiving Party, subject to the provisions of Paragraph VII.B;

3.    one in-house attorney who is not counsel of record ~~including support staff (law clerks, paralegals, secretaries, and clerical staff) assisting with this action~~ **and any personnel assisting that attorney to whom disclosure is reasonably necessary for this Action**, subject to the provisions of Paragraph VII.B;

4.    **the court and its personnel** ~~Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this action is pending including any appellate Court, and the jury, if any~~;

5.    court reporters and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in this action;

6.    consultants or experts and their staff who are expressly retained or sought to be retained by an attorney described in sub-paragraph 1 to provide assistance in this action, with disclosure only to the extent necessary to perform such work and subject to the provisions of Paragraph VII.A;

7.    any person who authored and/or received the particular CONFIDENTIAL INFORMATION sought to be disclosed to that person, or any

-11-

witness testifying in a deposition or hearing where the witness is identified by name on the document as an author and/or recipient of the document, or a custodian or other person who otherwise possessed or knew the information, and/or particular CONFIDENTIAL INFORMATION sought to be disclosed to that witness; any witness testifying in a deposition or hearing may be shown CONFIDENTIAL INFORMATION of a Producing Party provided that the witness is: (a) a current employee, attorney, director, officer, or agent of the Producing Party, or a corporate designee of the Producing Party under Rule 30(b)(6) of the Federal Rules of Civil Procedure; or (b) a former employee, attorney, director, officer, or agent of the Producing Party if, at the time of the witness' employment, the CONFIDENTIAL INFORMATION was in existence and the witness received such CONFIDENTIAL INFORMATION;

       8.    litigation support vendors retained by outside counsel for such functions as photocopying, scanning, stenography, videography, imaging, or preparation of graphics, demonstratives, and audio and/or video productions or other exhibits for deposition, trial, or other court proceedings in this action, but only to the extent necessary for the particular litigation support services being rendered and in accordance with the vendor's ordinary operating procedure;

       9.    mock jurors and/or their trial or jury consultants engaged by the Parties in preparation for trial, provided that (i) no Party will use any mock juror who is employed by or affiliated with or who knows any person employed by or affiliated with either Party to this action; (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any Designated Material; and (iii) mock jurors first agree in writing to maintain the confidentiality of any materials and information provided to them in connection with being a mock juror; and

       10.    persons who have been retained by a Party to provide translation or interpretation from one language to another.

B.     Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY may be disclosed by the Receiving Party only to the following persons:

1.     counsel of record for the Receiving Party, **as well as employees of said counsel of record to whom it is reasonably necessary to disclose the information this Action** ~~, including support staff (law clerks, paralegals, secretaries, and clerical staff) assisting with this action~~;

2.     **the court and its personnel** ~~Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this action is pending including any appellate Court, and the jury, if any~~;

3.     court reporters and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in this action;

4.     consultants or experts and their staff who are expressly retained or sought to be retained by an attorney described in subparagraph 1 to provide assistance in this action, with disclosure only to the extent necessary to perform such work and subject to the provisions of Paragraph VII.A;

5.     any person who authored and/or received the particular HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY sought to be disclosed to that person, or any witness testifying in a deposition or hearing where the witness is identified by name on the document as an author and/or recipient of the document, or a custodian or other person who otherwise possessed or knew the information, and/or particular HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY sought to be disclosed to that witness; any witness testifying in a deposition or hearing may be shown HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY information of a Producing Party provided that the witness is: (a) a current employee, attorney, director, officer, or agent of the Producing Party, or a corporate designee of the Producing Party under

Rule 30(b)(6) of the Federal Rules of Civil Procedure; or (b) a former employee, attorney, director, officer, or agent of the Producing Party if, at the time of the witness' employment, the HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY information was in existence and the witness received such HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY information;

      6.     litigation support vendors retained by outside counsel for such functions as photocopying, scanning, stenography, videography, imaging, or preparation of graphics, demonstratives, and audio and/or video productions or other exhibits for deposition, trial, or other court proceedings in this action, but only to the extent necessary for the particular litigation support services being rendered and in accordance with the vendor's ordinary operating procedure; mock jurors and/or their trial or jury consultants engaged by the Parties in preparation for trial, provided that (i) no Party will use any mock juror who is employed or affiliated with or who knows any person employed by or affiliated with either Party to this action; (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any Designated Material; (iii) mock jurors first sign the Confidentiality Undertaking in Exhibit A; and (iv) once a list of potential mock jurors (and their employers) becomes available, it will be shared with all Parties, and if a Party has an objection to any potential mock juror, they will provide notice of their objection and the specific basis for the objection within 48 hours, and the Parties will negotiate in good faith to resolve the dispute.

      7.     persons who have been retained by a Party to provide translation or interpretation from one language to another.

## VII.   CONDITIONS ON ACCESS TO DESIGNATED MATERIAL

### A.      *Consultants and Experts*

A consultant or expert, excluding trial or jury consultants, may only be shown Designated Material pursuant to Paragraphs VI.A.5 or VI.B.5 to the extent necessary to provide assistance in this action, provided that:

1.      any such consultant or expert, excluding trial or jury consultants, is not an employee, director, officer, agent, attorney, or other representative of a Receiving Party (including any of its divisions, subsidiaries, or affiliates), is not an employee, director, officer, agent, attorney, or other representative of a direct business competitor of any Party, or is not currently advising a direct business competitor of any Party on matters relating to the subject matter of this action;

2.      prior to the disclosure of any Designated Material to the consultant or expert, the consultant or expert shall execute the Confidentiality Undertaking in Exhibit A; and

3.      The Receiving Party shall, prior to the disclosure of Designated Material to a consultant or expert, excluding trial or jury consultants, pursuant to paragraph (1) above, supply to the Producing Party a copy of the Confidentiality Undertaking in Exhibit A executed by the consultant or expert, a current curriculum vitae or resume of the consultant or expert, and list of all non-confidential consulting engagements undertaken by the consultant or expert during the past four (4) years. The Producing Party shall be entitled to object to such disclosure to the consultant or expert within five (5) business days after receipt of the Receiving Party's written notification, stating specifically in writing the reasons why such consultant or expert should not receive the Designated Material. If the Parties are unable to resolve on their own a dispute concerning disclosure of Designated Material to a consultant or expert, the Party that objects to the disclosure of the Designated Material has the burden to apply to the Court, within five (5) business days after service of the Producing Party's objections, for an Order that such disclosure is improper. No disclosure of the

Designated Material shall be made to the consultant or expert until the Producing Party's time for serving objections has passed, or, in the event that the Producing Party timely serves a written objection and timely files a motion with the Court, until the time as the Court has made a ruling thereon, and then, only in accordance with such ruling.

### B.    Designated Employee and In-House Attorney

Pursuant to Paragraphs VI.A.2 and VI.A.3, the designated employee and in-house attorney who is not counsel of record may be designated for any Receiving Party engaged in this action to access CONFIDENTIAL INFORMATION (the designated individuals, as agreed at the time this Protective Order is executed, are set forth in Exhibit B to this Order, and each has executed the Confidentiality Undertaking in Exhibit A, a copy of which has been provided to the other Parties).

The Parties recognize that the responsibilities of the designated employee or in-house attorney may change during the litigation, and that replacement of a previously designated individual under this section by a substitute employee or in-house attorney may therefore become appropriate. Any Party desiring to make such a replacement of an employee or in-house attorney shall give written notice, including a copy of the Confidentiality Undertaking in Exhibit A signed by the replacement employee or in-house attorney, to all other Parties, and the substitute employee or in-house attorney shall be deemed approved unless another Party objects to such substitution within five (5) business days of such notice.

If the Producing Party needs further information regarding the newly identified designated employee or in-house attorney to make a decision as to whether to object to that person, such Party may request further information within five (5) business days after receipt of the written notice and signed Confidentiality Undertaking in Exhibit A. The Producing Party shall then be entitled to object to such disclosure to the newly identified employee or in-house attorney within five (5) business days after

receipt of the requested additional information, or receipt of a refusal to provide such information.

No disclosure of Designated Material shall be made to the proposed employee or in- house attorney until the time for serving objections has passed, or, in the event that a written objection is timely served, until the time as the Court has made a ruling thereon, and then, only in accordance with such ruling.

## VIII.  COURT PROCEDURES

### A.    *Procedures for Filing Papers with Designated Material*

**A Party that seeks to file** Designated Material **with this court, or any other court, must file an application to seal pursuant to the applicable rules of civil procedure and local rules.  Designated Material may only be filed under seal pursuant to a court order authorizing the sealing of the Material at issue.  If a Party's request to file Designated Material under seal is denied by the court, then the Party may file the information in the public record as permitted by the local rules, unless otherwise instructed by the court.** ~~may be included with, or referred to in, papers filed with the Court where this case is now pending or in any other court only in accordance with Civil Local Rule 79-5, which sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.~~

### B.    *Redacted Filings of Papers with Designated Material*

**A Party that seeks to redact Designated Material from papers filed with the court must file an application to seal pursuant to the applicable rules of civil procedure and local rules.  If the application to seal is denied, the Party may file the documents at issue in the public record as permitted by the local rules, unless otherwise instructed by the court.** ~~Redacted versions of papers with Designated Material filed under seal must be filed with the Court in accordance with normal procedures and made publicly available provided that:~~

1            1.     All Designated Material set forth in the papers is deleted or
2  obscured and all Designated Material is removed as exhibits; and
3            2.     Redacted versions of the papers are clearly marked "Public
4  Version Confidential Material Redacted." Redacted versions of the papers also must
5  clearly identify each place where information or exhibits have been deleted.

*C.     Use at Trial*

This Order **does not** is not intended to govern the use of Designated Material at
the trial of this action. Procedures governing the use of Designated Material at trial, if
necessary, will be established by separate order, pursuant to application by one or
more of the Parties to the Court, or sua sponte pursuant to the Court's own procedures,
and may be addressed at the pre-trial conference.

## IX.    PROCEDURE FOR DISCLOSURES TO OTHER PERSONS

At the written request of the Receiving Party, the Producing Party may agree in
writing to allow the Receiving Party to disclose to a specified third party any of the
Producing Party's Designated Material specifically identified in the written request.

## X.    UNINTENTIONAL FAILURE TO DESIGNATE

If any Producing Party discovers that it has inadvertently failed to designate and
mark any Discovery Material as either CONFIDENTIAL INFORMATION or
HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY, the
Producing Party may subsequently inform the Receiving Party of the confidential
nature of the disclosed Designated Material, and the Receiving Party shall treat the
disclosed Discovery Material as either CONFIDENTIAL INFORMATION or
HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY upon
receipt of written notice from the Producing Party, to the extent the Receiving Party
has not disclosed this Discovery Material. Disclosure of such Discovery Material to
persons not authorized to receive that material prior to receipt of the confidentiality
designation shall not be deemed a violation of this Order.

However, in the event the material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party will so inform the Producing Party and take the steps necessary to conform distribution to the categorical designation within ten (10) business days, i.e., by retrieving all copies of the Discovery Material, or notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such Discovery Material and advising the person to whom disclosure was made that the Producing Party has designated the material as confidential and that such material must be treated as provided in the Order unless otherwise agreed by the Parties or ordered by the Court. Such person shall sign the Confidentiality Undertaking at Exhibit A which the Receiving Party shall provide to the Producing Party.

## XI. UNINTENTIONAL DISCLOSURE OF ATTORNEY-CLIENT OR WORK PRODUCT MATERIAL

Pursuant to Federal Rule of Evidence 502(d), if a Producing Party through inadvertence produces or provides discovery that it believes in good faith is subject to a claim of attorney- client privilege or work-product immunity, such action shall not constitute a waiver of the attorney-client privilege and/or work product immunity. The inadvertent disclosure of any privileged or immune documents shall not be deemed a waiver of that privilege or immunity as to any other documents, testimony, or evidence.

The Producing Party may give written notice to the Receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the Producing Party. Unless the Producing Party claims that the entire document is subject to a claim of attorney-client privilege or work product immunity, the Producing Party shall, together with its written notice, produce a copy of the document with the claimed privileged material redacted.

Within three (3) business days of receiving written notice and a copy of the document with claimed privileged material redacted, the Receiving Party shall return or destroy all copies of such document and shall destroy all excerpts thereof. The Producing Party shall be obligated to keep in a sealed envelope or similar sealed container, all inadvertently produced discovery returned by the Receiving Party that it believes is subject to a claim of attorney- client privilege or work-product immunity until the end of this action, including all appeals. Return or destruction of the document by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose the Receiving Party from moving for an order that such document has been improperly designated as subject to a claim of attorney-client privilege or work product immunity or should be produced for reasons other than a waiver caused merely by the inadvertent production.

The Receiving Party shall be entitled to prepare a record for its own use containing the date, the author, address(es), and topic of the document and other such information as is reasonably necessary to identify the document and describe its nature to the Court in any motion to compel production of the document. Such a record of the identity and nature of a document may not be used for any purposes other than preparing a motion to compel production of that document in this action. After the return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by making a motion to the Court. Unless previously waived, the inadvertent disclosure of any privileged or immune documents shall not be deemed a waiver of that privilege or immunity as to any other documents, testimony, or evidence.

## XII.   RESERVATION OF RIGHTS AND MISCELLANEOUS PROVISIONS

### A.   *Redactions*

Documents and things containing CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS' EYES ONLY may be redacted if the Producing Party reasonably believes in good faith that the redacted information is (i) competitively sensitive and (ii) neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Each such redaction, regardless of size, shall be clearly labeled "Redacted - Non-Responsive." This shall not be construed as a waiver of any party's right to seek disclosure of redacted information.

A Party may object to any redaction ~~based on non-responsiveness~~ by **initiating the dispute resolution process under Local Rule 37.1.** ~~giving outside counsel of record for the Producing Party written notice of its reasons for the objection. The Parties shall thereafter meet and confer in good faith to resolve the dispute. If the Parties are unable to resolve the dispute on their own, the objecting Party may move the Court for an Order changing or removing the redaction.~~ The Producing Party has the burden of showing that the redaction is appropriate. The redacted information shall remain redacted until the matter is resolved by the Court or agreement of the Parties.

~~If any Producing Party discovers that it has inadvertently failed to redact non-responsive material which it believes in good faith is both (i) competitively sensitive and (ii) neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, the Producing Party may give written notice to the Receiving Party that the document requires redaction and request that the Receiving Party return the document to the Producing Party.~~

~~Unless the Producing Party claims that the entire document is subject to redaction pursuant to the above, the Producing Party shall, together with its written notice, produce a copy of the document with the claimed non-responsive material redacted. Within three (3) business days of receiving written notice and a copy of the~~

document with the applicable material redacted, the Receiving Party shall return to the Producing Party all copies of such document and shall return or destroy all excerpts thereof, except that, in the event the Receiving Party disputes the basis for the redaction, outside counsel for the Receiving Party may retain one (1) archival copy of the document in unredacted form pending a ruling from the Court on the issue. Such archival copy of a document may not be used for any purposes other than preparing a motion to compel production of that document in this action.

Return of the document by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly deemed non-responsive, nor shall it foreclose the Receiving Party from moving for an order that such document has been improperly redacted

## B. *No Limitation of Other Rights*

This Order shall be without prejudice to the right of any Party to oppose production of any information on any and all grounds other than confidentiality.

## C. *Release from or Modification of This Order*

This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information or to seek relief from inadvertent disclosure of privileged or work-product information. This Order does not preclude all of the Parties to this Order from entering into any stipulation (in writing or on the record) constituting a modification of this Order subject to the Court's review.

## D. *Admissibility*

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this matter.

### E.    *Non-Party Request/Subpoena of Designated Material*

If a Receiving Party receives a subpoena or other compulsory process from a nonparty to this Order seeking production or other disclosure of a Producing Party's Designated Material, that Receiving Party shall**:**

**(1)** give written notice to outside counsel of record for the Producing Party within five (5) business days after receipt of the subpoena or other compulsory process identifying the specific Designated Material sought and enclosing a copy of the subpoena or other compulsory process**; and**

**(2) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order**.

If the Producing Party timely seeks a protective order, the Receiving Party to whom the subpoena or other compulsory process was issued or served shall not produce the Designated Material requested prior to receiving a Court order or consent of the Producing Party. In the event that Designated Material is produced to the non-party, such material shall be treated as Designated Material pursuant to this Order **in the absence of a court order to the contrary**.  **The Producing Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.** ~~Should the Producing Party fail to obtain court approval for a protective order, production of the Designated Material in compliance with the subpoena or other compulsory process shall not be deemed a violation of this Order.~~

### F.    *Counsel's Right to Provide Advice*

Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's Party-client with respect to this action, and in the course thereof, relying upon an examination of Designated Material, provided,

however, that in rendering such advice and in otherwise communicating with the Party-client, the counsel shall not disclose any Designated Material, nor the source of any Designated Material, to anyone not authorized to receive such Designated Material pursuant to the terms of this Order.

### G. *Privileged and Irrelevant Materials*

Nothing in this Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials which are otherwise beyond the scope of permissible discovery.

### H. *Notice*

Transmission by overnight courier, facsimile or electronic mail is acceptable for all notification purposes.

### ~~XIII. EFFECTIVE DATE~~

~~This Order shall be effective as a stipulation on the date of its execution by counsel for the Parties after which the Parties may produce documents and information and designate the material as either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY. Such material shall be treated in accordance with this Order by the Parties upon its execution. In the event that the Court enters a Protective Order other than this stipulated and proposed Order, the Parties shall comply with the terms of this Order until it is superseded by any Protective Order or ruling by the Court.~~

### XIV. FINAL DISPOSITION

Upon termination, settlement or final judgment of this Lawsuit including exhaustion of all appeals, unless otherwise agreed in writing, the originals and all copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to their respective outside counsel, within sixty (60) calendar days. However, retained counsel of record may retain pleadings, attorney and consultant work product, correspondence, and deposition and trial transcripts and exhibits for archival purposes. If Designated Material is destroyed pursuant to this

paragraph, outside counsel for the Receiving Party shall provide to outside counsel for the Producing Party a certification identifying when and how the destruction was performed. The provisions of this Order insofar as it restricts the disclosure, communication of, and use of Designated Material produced hereunder shall continue to be binding after the conclusion of this action.

## XV.   TERMINATION

The termination of this action shall not terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the Producing Party agrees otherwise in writing or this Court (or any other court or competent jurisdiction) orders otherwise.


FOR GOOD CAUSE, IT IS SO ORDERED.


DATED: October 23, 2019

KAREN STEVENSON
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| UPL NA INC.<br><br>               Plaintiff,<br><br>     v.<br><br>TIDE INTERNATIONAL (USA), INC.,<br>ZHEJIANG TIDE CROPSCIENCE CO.,<br>LTD., NINGBO TIDE IMP. & EXP. CO.,<br>LTD.<br><br>              Defendants. | Case No.: 8:19-cv-1201-RSWL-KS<br><br><br>**Exhibit A to STIPULATED<br>PROTECTIVE ORDER** |

## EXHIBIT A

## CONFIDENTIALITY UNDERTAKING

I, _____ ,declare under penalty of perjury, that:

My business address is _____.

My present employer and job description are _____

_____

_____.

My relationship to the Parties to this action is as follows :

_____

_____

_____.

     I have read and reviewed in its entirety the Protective Order ("Protective Order") entered in this matter.

     I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person, entity, Party, or agency for any reason, except in accordance with the terms of the Protective Order.

I solemnly promise that I will not disclose any matter or information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of for the United States District Court for the Central District of California for the purposes of enforcement of the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Dated: _____

City and State where sworn and signed:_____

Signed: _____

Name: _____