'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UPL NA, INC., <br><br> Plaintiff, <br><br> v. <br><br> TIDE INTERNATIONAL (USA), INC.; ZHEJIANG TIDE CROPSCIENCE CO., LTD.; and NINGBO TIDE IMP. & EXP. CO., LTD., <br><br> Defendants. | CV 19-1201-RSWL-KSx <br><br> **ORDER re: Motion to Stay Pending *Inter Partes* Review Proceedings** [103] |

Currently before the Court is Defendant Tide International (USA), Inc.; Defendant Zhejiang Tide CropScience Co., Ltd.; and Defendant Ningbo Tide Imp. & Exp. Co., Ltd.'s (collectively, "Defendants") Motion to Stay Pending *Inter Partes* Review Proceedings (the "Motion") [103]. For the reasons set forth below, the Court **GRANTS** Defendants' Motion.

1

## I. BACKGROUND

### A. Factual Background

Plaintiff UPL NA, Inc. ("Plaintiff") is a supplier of crop protection products and plant technologies designed for agricultural, professional, and aquatics markets in the United States. Compl. ¶ 8, ECF No. 1. Defendants comprise part of a group informally known as the "Tide Group," which "has a strong sales network" and "has established several companies or offices" outside of China. Id. ¶ 9.

On January 6, 2009, the United States Patent and Trademark Office issued the Patent Number 7,473,685, titled "Processes for Preparation of Chemically Stable, Dry-Flow, Low Compact, Dust Free, Soluble Granules of Phosphoroamidothioates" (the "'685 patent"). Id. ¶¶ 2, 24. Plaintiff alleges that Defendants have infringed and will continue to infringe one or more claims of the '685 patent, including at least claim 1 of the '685 patent, by making, using, selling, and/or offering to sell in the United States and/or importing into the United States their Tide Acephate products in violation of 35 U.S.C. §§ 271(a), (b), and/or (c). Id. ¶ 48.

### B. Procedural Background

Plaintiff filed its Complaint [1] on June 17, 2019, alleging patent infringement. After the parties stipulated to extend the time to answer the Complaint [23], Defendants filed their Answer [24] on August 12, 2019. On December 3, 2019, Defendants filed a motion

for leave to file an amended answer [58], which this Court granted [64] on February 5, 2020.  Defendants filed their First Amended Answer [65] on February 7, 2020.

The Markman hearing [78] was held on March 10, 2020, and the Court issued a claim construction order [83] on April 10.  Under the existing scheduling order [104, 110], fact discovery closes March 2, 2021, opening expert reports are due March 26, rebuttal expert reports are due April 16, expert discovery closes April 30, dispositive motions must be filed by May 18, and a jury trial is set for August 3.

On June 17, 2020, Tide International (USA), Inc. filed a petition for *inter partes* review ("IPR") before the Patent Trial and Appeal Board ("PTAB"), challenging the validity of claims 1-4 and 7-12 of the '685 patent. Defs.' Notice of Related Case 2:9-15, ECF No. 90.  The PTAB instituted the IPR proceeding on January 22, 2021. Defs.' Notice Regarding Related *Inter Partes* Proceedings 1:11-13, ECF No. 102.  On January 24, 2021, Defendants filed this Motion to Stay Pending *Inter Partes* Review Proceedings [103].  Plaintiff filed its Opposition [105] on January 29, and Defendants replied [107] on February 1.

## II.  DISCUSSION

**A.  Legal Standard**

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a

3

stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).

In evaluating whether to stay an action pending IPR, courts consider three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." DMF, Inc. v. AMP Plus, Inc., No. 2:18-cv-07090-CAS(GJSx), 2019 WL 9077477, at *6 (C.D. Cal. Dec. 13, 2019) (quoting Universal Elecs., Inc. v. Universal Remote Control, 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013)). Courts also consider the "totality of the circumstances." Caravan Canopy Int'l, Inc. v. Home Depot U.S.A., Inc., No. SACV 19-1072 PSG (ADSx), 2020 WL 5834297, at *1 (C.D. Cal. Aug. 19, 2020) (citing Wonderland Nursery Goods Co. v. Baby Trend, Inc., No. EDCV 14-01153-VAP, 2015 WL 1809309, at *2 (C.D. Cal. Apr. 20, 2015)). There exists a "liberal policy in favor of granting motions to stay pending IPR." DMF, Inc., 2019 WL 9077477, at *6 (quoting Zomm, LLC v. Apple Inc., 391 F. Supp. 3d 946, 956 (N.D. Cal. 2019)).

**B. Discussion**

The Court evaluates each factor in turn.

1. Stage of the Litigation

In assessing the stage of litigation, courts look to the status of discovery, claim construction, setting of a trial date, and the Court's expenditure of resources. Spin Master Ltd. v. Mattel, Inc., No. CV 18-3435-RSWL-GJS, 2018 WL 11241718, at *2 (C.D. Cal. Nov. 21, 2018) (citing Universal, 943 F. Supp. 2d at 1030-31). Courts "'have adopted the date of the filing of the motion to stay' as the 'proper time to measure the stage of litigation.'" Caravan Canopy, 2020 WL 5834297, at *2 (quoting VirtualAgility Inc. v. Salesforce.com, Inc., 759 F.3d 1307, 1316 (Fed. Cir. 2014)).

Defendants argue that this Action is in its early stages, pointing to the fact that "[d]iscovery has not yet concluded, no party depositions have been taken, and no expert discovery has occurred." Defs.' Mot. to Stay ("Mot.") 1:11-12, ECF No. 103. Defendants further argue that "no summary judgment motions have been filed, and the proceedings to date do not place the parties on the cusp of trial." Id. at 6:11-14 (quotation marks and citation omitted). They insist that "there is still more work ahead of the parties than behind." Id. at 7:20-21.

Plaintiff counters that "the Court has already expended considerable resources by conducting Markman proceedings, issuing its order construing the disputed claim terms, and rejecting Defendants' arguments that two claim terms rendered the asserted claims invalid as

1  indefinite." Pl. UPL NA's Opp'n to Defs.' Mot.
2  ("Opp'n") 2:7-10, ECF No. 105. Plaintiff further
3  contends that the parties have already invested
4  considerable time and resources in this litigation. Id.
5  at 2:21-3:19.
6      As Defendants note, there remains significant work
7  ahead of the parties in this litigation, including party
8  depositions, expert discovery, summary judgment,
9  pretrial preparation, and trial. Although a claim
10 construction order has been issued, the amount of work
11 yet to be undertaken by the parties weighs slightly in
12 favor of a stay. See, e.g., Neodron, Ltd. v. Lenovo
13 Grp., Ltd., No. 19-cv-05644-SI, 2020 WL 5074308, at *2
14 (N.D. Cal. Aug. 27, 2020) (granting a motion to stay
15 despite the issuance of a Markman order); Caravan
16 Canopy, 2020 WL 5834297, at *2 (concluding that the
17 litigation was in its early stages where, although the
18 court had already issued a claim construction order, the
19 parties had not yet taken depositions, exchanged expert
20 reports, or filed dispositive motions); Universal Elecs.
21 Inc. v. Roku, Inc., No. SACV 18-1580 JVS (ADSx), 2019 WL
22 6974173, at *2 (C.D. Cal. Nov. 4, 2019) (determining
23 that the first factor weighed in favor of a stay where
24 fact discovery was not complete and expert discovery had
25 not begun).
26      2.   Simplification of the Issues
27      Defendants argue that this factor heavily favors a
28 stay because there is a minimal likelihood that both

claims asserted in this Action survive review before the PTAB. Mot. 8:8-11. Defendants further argue that, even if no claims are canceled, "the intrinsic record developed during the PTAB proceedings may inform issues in the case." Id. at 8:12-14. Moreover, a stay would conserve the Court's and the parties' resources in light of the PTAB's decision to institute IPR proceedings. Id. at 7:24-8:7.

On the other hand, Plaintiff counters that a stay is unlikely to simplify the issues in this Action because the PTAB's decision to institute IPR proceedings does not suggest that all asserted claims are likely to be invalidated. Opp'n 7:4-7. It also contends that there will not be unnecessary or duplicative efforts in this Court absent a stay because "[t]he issues of infringement, damages, and any invalidity defenses Defendants pursue at trial will not overlap with the issues in the IPR." Id. at 7:14-16.

The Court agrees with Defendants. The PTAB has instituted IPR proceedings concerning the asserted claims of the '685 patent. Should a claim be canceled, "the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot." Fresenius USA, Inc. v. Baxter Int'l, Inc., 721 F.3d 1330, 1340 (Fed. Cir. 2013). At a minimum, the IPR proceedings will reduce or refine the issues presented in this Action. See Realtime Data LLC v. Terada Operations, Inc., No. SACV

1  16-02743 AG (FFMx), 2017 WL 3453295, at *2 (C.D. Cal.
2  Feb. 27, 2017) (citing Semiconductor Energy Lab'y Co. v.
3  Chimei Innolux Corp., No. SACV 12-00021 JST (JPRx), 2012
4  WL 7170593, at *2 (C.D. Cal. Dec. 19, 2012)) (stating
5  that the PTAB "might cancel the asserted claims, narrow
6  some of the grounds for invalidity, or simply develop a
7  record of its expert administrative proceedings").
8     Although the parties and the Court have already
9  expended considerable resources through Markman
10 proceedings and claim construction, a stay would
11 nevertheless prevent, or at least limit, the expenditure
12 of resources that may prove unnecessary based on the
13 PTAB proceedings.  This factor therefore weighs in favor
14 of a stay.
15    3.  Undue Prejudice
16    The third factor assesses whether a stay would
17 result in undue prejudice or present a clear tactical
18 disadvantage to the nonmovant.  Caravan Canopy, 2020 WL
19 5834297, at *3 (citing Wonderland Nursery Goods Co.,
20 2015 WL 1809309, at *2).
21    Plaintiff argues that, because Defendants filed
22 their IPR petition one year after this Action was
23 initiated and filed their present Motion more than seven
24 months after petitioning for IPR, it is unduly
25 prejudiced by the delay.  Opp'n 8:15-21.  Plaintiff also
26 argues that it is unduly prejudiced because the parties
27 are direct competitors and a stay would permit
28 Defendants to continually infringe through the

expiration of the '685 patent.  Id. at 9:3-7.  The Defendants' delay in filing a petition for IPR and in filing this Motion indeed weigh against a stay.  See Jiaxing Super Lighting Elec. Appliance Co., Ltd. v. MaxLite, Inc., No. CV 19-4047 PSG (MAAx), 2020 WL 5079051, at *4 (C.D. Cal. June 17, 2020) (determining that this factor weighed against a stay where the defendant waited several months after being served with the complaint to file the IPR petition and several more months thereafter to file a motion to stay); see also Int'l Test Sols., Inc. v. Mipox Int'l Corp., No. 16-CV-00791-RS, 2017 WL 1316549, at *3 (N.D. Cal. Apr. 10, 2017) (citation and quotation marks omitted) (noting that "[c]ourts expect accused infringers to evaluate whether to file, and then to file, IPR petitions as soon as possible after learning that a patent may be asserted against them").  This is especially true where the parties are market competitors.  See Juno Therapeutics, Inc. v. Kite Pharma, No. CV 17-07639, 2018 WL 1470594, at *8 (C.D. Cal. Mar. 8, 2018) (noting that a stay could considerably prejudice the patentee where the parties were soon expected to be direct competitors); Tire Hanger Corp. v. Shinn Fu Co. of Am., No. ED CV16-02668 JAK (JPRx), 2017 WL 3457122, at *4 (C.D. Cal. June 7, 2017) (finding that a stay would prejudice the plaintiff where the parties, although they disputed their degree of competition in the marketplace, competed against each other).

However, even accepting Plaintiff's characterization of Defendants' delays as dilatory tactics, Plaintiff's failure to seek a preliminary injunction belies its claims of undue prejudice in the marketplace. The Federal Circuit has noted that, while not determinative, a patentee's failure to move for a preliminary injunction contradicts the assertion that the patentee requires immediate relief. See VirtualAgility Inc., 759 F.3d at 1319 ("[Plaintiff's] arguments are rational reasons for not pursuing a preliminary injunction, but the fact that it was not worth the expense to ask for this remedy contradicts [plaintiff's] assertion that it needs injunctive relief as soon as possible."); see also Medtronic, Inc. v. Axonics Modulation Techns., Inc., No. SA CV 19-02115-DOC-JDE, 2020 WL 5087820, at *2 (C.D. Cal. May 8, 2020) (granting a stay where the plaintiffs "[did] not explain why they did not move for a preliminary injunction").

In sum, this factor does not sway in either direction. While Defendants have delayed significantly in petitioning for IPR and filing this Motion, Plaintiff has not established that it will be unduly prejudiced if the Court stays the litigation.

4. Totality of the Circumstances

The Court recognizes that Defendants could have petitioned for IPR or sought a stay sooner in the litigation. Although those delays make this a close call, the Court ultimately concludes that a stay is

appropriate because of the liberal policy in favor of stays pending IPR, the interest of judicial economy, and the potentially conclusive nature of IPR.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' Motion to Stay Pending *Inter Partes* Review Proceedings. This Action is hereby **STAYED** pending the PTAB's final determination in the related IPR proceeding. **IT IS HEREBY ORDERED** that the parties shall file a joint status report within fourteen (14) days of the PTAB's final written decision. All dates currently on calendar are **VACATED.**

**IT IS SO ORDERED.**

DATED: February 19, 2021          /s/ Ronald S.W. Lew
                                  **HONORABLE RONALD S.W. LEW**
                                  Senior U.S. District Judge